UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

EDWARD D. COLLINS,

                         Plaintiff,

  -against-                                     6:00-CV-1581
                                                             (LEK/DRH)

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.

**DECISION AND ORDER**

Presently before the Court is a Motion for $7,182.50 in attorney's fees submitted by P. Michael Shanley, Esq. ("Attorney Shanley"), counsel for Plaintiff Edward D. Collins ("Plaintiff"). Motion for attorney's fees (Dkt. No. 14). Pursuant to a stipulation, the Honorable David R. Homer, United States Magistrate Judge, reversed the Commissioner's decision and remanded the case for rehearing, under to the fourth sentence of 42 U.S.C. § 405(g). Stipulation & Order (Dkt. No. 8). Subsequently, the Social Security Administration ("SSA" or the "Agency") notified Plaintiff that he was entitled to monthly disability benefits beginning in June, 2000, which included a first payment of $37,438.80 for benefits beginning in June, 2000 through the date of the notification, June 30, 2002. Letter Response (Dkt. No. 20).

**I.    Discussion**

The Commissioner alleges that a subsequent application to SSA, unrelated to the case now before the Court, resulted in Plaintiff's receipt of disability benefits. Id. As a result, according to the Commissioner, the Court did not render a judgment favorable to Plaintiff in this case and, therefore, Attorney Shanley is not entitled to fees under 42 U.S.C. § 406(b). Id. Attorney Shanley

1

explains that SSA's favorable decision was based on the application remanded by Judge Homer. Letter (Dkt. No. 21). Attorney Shanley initially filed an application for administrative fees with SSA for work done on Plaintiff's behalf before the Agency and the Court. See Supplemental Letter (Dkt. No. 22). After being advised to direct his request for court-related fees to the Court, Attorney Shanley amended the application for fees to SSA (a copy of the authorization to collect the fee was submitted to the Court), and also filed a request to the Court for fees related to his non-SSA work. Id. There is nothing in the record to suggest that Plaintiff submitted two applications to SSA, and the Court finds that the favorable judgment from SSA was the result of Judge Homer's remand.

In order to award fees under section 406(b), the Court must have made a "judgment favorable to a claimant." 42 U.S.C. § 406(b)(1)(A). The question before the Court is whether a remand, pursuant to sentence four, that yields a favorable administrative decision may be considered a "judgment favorable to a claimant" for purposes of section 406(b). While there is no precedent that binds the Court, the Court agrees with Magistrate Judge Ellis's persuasive holding in Rose v. Barnhart, No. 01 Civ. 1645 (KMW) (RLE), 2007 U.S. Dist. LEXIS 12775 (S.D.N.Y. Feb. 16, 2007), that section 406(b) does allow for fees in situations like the one before the Court. Judge Ellis relied on the Second Circuit's analysis in Wells v. Bowen, 855 F.2d 37 (2d Cir. 1988), which examined the legislative history of the Equal Access to Justice Act to establish that fees are available under that act where a case is remanded for further review and, upon remand, the claimant receives past-due benefits. Id. at 41-42. Following the Wells example, Judge Ellis reasoned that Congress wanted to encourage attorneys to represent claimants before SSA and the courts and sought to do so, in part, by ensuring that attorneys representing claimants were able to collect their fees easily. Rose, 2007 U.S. Dist. LEXIS 12775, at *11-*12. Judge Ellis found that this policy and

precedent from other courts of appeal supported a broad construction of section 406(b) to allow a grant of attorney's fees when a case has been remanded and the claimant is subsequently awarded past benefits by SSA.  Id. (citing Bergen v. Comm'r of Social Security, 454 F.3d 1273 (11th Cir. 2006); McGraw v. Barnhart, 450 F.3d 493 (10th Cir. 2006); Rohrich v. Bowen, 796 F.2d 1030 (8th Cir. 1986); Philpott v. Gardner, 403 F.2d 774 (6th Cir. 1968); Conner v. Gardner, 381 F.2d 497 (4th Cir. 1967)).

Accordingly, Attorney Shanley did secure a favorable judgment for Plaintiff and may be eligible for attorney's fees, as long as his request is reasonable.  See 42 U.S.C. § 406(b)(1)(A); Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).  The Court has reviewed the records submitted by Attorney Shanley as part of his request, and finds that his request for $7,182.50 for forty-two (42) hours of work, in light of the award secured for Plaintiff, is reasonable.

**II.    Conclusion**

Based on the foregoing discussion, it is hereby

**ORDERED**, that Attorney Shanley's Motion for attorney's fees (Dkt. No. 14) is **GRANTED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:	August 07, 2007
	Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge